UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON ANTONIO KING,

    Plaintiff,

v.

Case No. 02-74400
Honorable Denise Page Hood

WILLIAM H. REHNQUIST, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO RECONSIDER AND
## TO RETURN PROPERTY

    This matter is before the Court on Plaintiff Carlton Antonio King's Motion to Reconsider and Motion to Return Property filed February 12, 2016. (Doc. No. 25) On April 25, 2003, a Judgment and Order dismissing the complaint were filed in this action. (Doc. Nos. 8 and 9) In an Order filed October 7, 2003, the Sixth Circuit Court of Appeals dismissed King's appeal for lack of prosecution. (Doc. No. 19) On June 4, 2007, this Court entered an Order denying King's Request for Reconsideration. (Doc. No. 24)

    An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be

granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Federal courts hold

the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines. Nor do the courts grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

The Court finds that Plaintiff's motion is filed well-beyond the 28 days required by Rule 59(e). The Court's Order dismissing the case was filed on April 25, 2003 and Plaintiff's current Motion to Reconsider and to Return Property was filed on February 12, 2016, more than 12 years after the Judgment and Order dismissing the case was filed. The Court has no authority to consider Plaintiff's current Motion to Reconsider and to Return Property.

In addition, the Court finds that Plaintiff's motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiff has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Plaintiff has not shown the Court clearly erred in ruling that Plaintiff's Complaint should be dismissed.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Reconsider and to Return Property

**(Doc. No. 24, filed February 12, 2016)** is DENIED.

IT IS FURTHER ORDERED that any appeal from this Court's Order is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      Chief Judge, United States District Court

Dated: April 7, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 7, 2016, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager